**E-FILED**
Wednesday, 29 November, 2006  12:26:45 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### ROCK ISLAND DIVISION

| | | |
|---|---|---|
| WAL-MART STORTES, INC. ASSOCIATES' HEALTH AND WELFARE PLAN, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-cv-4046 |
| | ) | |
| LISA WARREN, | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |
| -------------------------- | ) | |
| | ) | |
| OSF SAINT FRANCIS MEDICAL CENTER, | ) ) | |
| | ) | |
| Intervenor. | ) | |

### JURISDICTIONAL STATEMENT AND ORDER

On July 6, 2006 an evidentiary hearing was held before this Court.  The subject of the evidentiary hearing was whether the parties had actually reached a settlement as alleged by the plaintiff.  Counsel for the Plaintiff stated in sworn testimony that a deal had been struck regarding the outcome of the case but Counsel for the Defendant disputed whether an agreement had been reached.

In the midst of the hearing, witness for the Defendant, Julie Asner[1] raised the issue of jurisdiction.  Ms. Asner alleged

---

[1]Ms. Asner, at that time, had not entered an appearance on behalf of Defendant.  As a result, she could not present arguments on

that jurisdiction was not proper in federal court.  The Court then requested jurisdictional briefs.  Both Plaintiff (Doc. 21) and Defendant (Doc. 22) have now submitted their briefs.

## BACKGROUND

The Plaintiff in this case, Wal-Mart Stores, Inc. Associates' Health and Welfare Plan (Wal-Mart Health Plan) is seeking to impose a constructive trust against Defendant.  The Defendant in this case is Lisa Warren, acting on behalf of her minor child, KK.  KK was injured in an automobile accident on August 4, 2001 and incurred $143,087.18 in medical expenses as a result of her injuries.  $25,292.49 of those medical expenses were paid by Blue Cross and Blue Shield, a claims paying administrator for the Wal-Mart Health Plan.

KK, through Lisa Warren, brought suit against the driver of the vehicle which injured KK in state court.  That case was settled for $49,000.

In addition to the Wal-Mart Health Plan, there were other parties that sought to impose a lien against the settlement.  A petition to adjudicate the liens was filed in state court.  The petition listed Blue Cross and Blue Shield of Illinois as a lienholder.  Blue Cross was allegedly notified six days before a hearing on the petition.  Accordingly, the Wal-Mart Health Plan

---

Defendant's behalf.  As a result, this Court allowed her to be sworn as a witness and presented her testimony in that manner.

allegedly did not receive timely notice of the hearing.  As a result, the lien which could be imposed by Wal-Mart Health Plans for payments made by Blue Cross was adjudicated to zero.

The Wal-Mart Health Plan then brought this claim four days after the hearing and now seeks to impose a trust against those funds.  This Court imposed a temporary restraining order preventing the disposition of any portion of the remaining $25,461.60 from the settlement amount.  The issue before this Court is whether this Court has jurisdiction to hear this claim.

## ANALYSIS

This exact fact pattern has arisen several times and has been considered and ruled upon by the Seventh Circuit and District Courts in Illinois.  The law is very clear and this court has exclusive jurisdiction.

Warren's first claim is that this court lacks subject matter jurisdiction.[2]  This is controverted by both the plain

---

[2] Warren argues that the Supreme Court ruled in Great-West Life & Annuity Insurance Co., v. Knudeson, 534 U.S. 204 (2002) that ERISA does not provide subject matter jurisdiction for a separate actions against a plan participant to enforce reimbursement language.  This is a misstatement of Great West. Great West sought to define which forms of "equitable relief" are available when a fiduciary seeks to enforce reimbursement language.  It certainly did not provide that federal courts lack jurisdiction to enforce the provisions of a retirement plan under ERISA.  Furthermore, the Court followed in the definition created in Great West with their recent ruling in Sereboff v. Mid Atlantic Medical Services, Inc., 126 S.Ct. 1869 (2006). Therein, the Court noted that when a plaintiff is seeking "specifically identifiable funds," as in this case where the

language of the Employment Retirement Income Security Act
(ERISA) and previous rulings including binding precedent of the
Seventh Circuit.  11 U.S.C. § 1132(e)(1) states, in relevant
part, "the district courts of the United States shall have
exclusive jurisdiction of civil actions under this subchapter
brought by a ... fiduciary."  Specifically, the Wal-Mart Health
Plan is "an ERISA fiduciary because it had discretionary
authority to resolve questions concerning the administration,
interpretation, and application of the Plan."  <u>Administrative</u>
<u>Committee v. Maxwell</u>, 2000 WL 286886 (N.D.Ill.) citing
<u>Administrative Committee v. Gauf</u>, 188 F.3d. 767 (7th Cir. 1999).
29 U.S.C. § 1002(21)(A).[3]  Since Plaintiff is a fiduciary and has
brought an action under 11 U.S.C. § 1132(e)(1) this court has
exclusive jurisdiction.

   Warren's next claims that even if this court has
jurisdiction, Wal-Mart's action is barred by res judicata.  The

---

plaintiff is seeking to control a portion of a settlement, they
are seeking equitable relief.

[3] Specifically, 29 U.S.C. § 1002(21)(A) provides that: "[A]
person is a fiduciary with respect to a plan to the extent (i)
he exercises any discretionary authority or discretionary
control respecting management of such plan or exercises any
authority or control respecting management or disposition of its
assets, (ii) he renders investment advice for a fee or other
compensation, direct or indirect, with respect to any moneys or
other property of such plan, or has any authority or
responsibility to do so, or (iii) he has any discretionary
authority or discretionary responsibility in the administration
of such plan…."

court must look to Illinois law regarding the res judicata claim
because it was an Illinois court that issued the prior judgment.
See, Whitaker v. Ameritech Corp., 129 F.3d 952 (7th Cir. 1997).
The first requirement that res judicata should apply is that
"the issues were actually decided or could have been decided in
the original suit." Whitaker at 955.  Because the District
Court has *exclusive* jurisdiction, the issue could not have been
decided by the Illinois court in the previous suit, therefore
res judicata does not bar the current action.

     As to Defendant's final claim that ERISA does not preempt
Illinois law, it is clear that ERISA does in fact preempt
Illinois law.  See Estate of Lake v. Marten, 946 F.Supp 605
(N.D.Ill. 1996), Health Cost Controls v. Rogers, 909 F.Supp. 537
(N.D.Ill. 1994).  Defendant's reliance on Speciale v. Seybold,
147 F.3d 612 (7th Cir. 1998) for the proposition that
Plaintiff's claim is barred because of a conflict with Illinois
law is misplaced.  Speciale ruled that when an ERISA defense is
raised in a state court action the ERISA defense does not
provide for complete preemption allowing the case to be removed
to federal court under 28 U.S.C § 1441(b) when there are
statutory medical liens placed against a settlement.  However,
those are not the facts in this case.  In this case, the Wal-
Mart Health Plan brought this claim originally in this federal
Court and has brought this claim under federal law placing it

squarely in the jurisdiction of the federal courts.  Neither
Speciale, nor the case from which it springs, Blackburn v.
Sundstrand Corp., 115 F.3d 493 (7th Cir. 1997), involve a claim
brought under 29 U.S.C. 1132(a)(3).  Other courts have noted
this distinction and, in such cases, have maintained subject
matter jurisdiction over the claim.  See, e.g., Administrative
Committee v. Alexander, 2001 WL 32874, 2001 U.S. Dist. LEXIS 240
(N.D.Ill.)  Accordingly, this Court has jurisdiction to hear
this matter and will continue to maintain jurisdiction over the
claim.

IT IS FURTHER ORDERED that this case is set for a status
review telephone conference on December 7, 2006 at 3 pm
regarding further dispositive motions.  Court will initiate
telephone call.  Parties are to inform the Court if they have
reached an amicable agreement prior to that date.

ENTERED this  29th  day of November, 2006.

s/ Joe Billy McDade____
Joe Billy McDade
United States District Judge